IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS MOORER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | |
| v. | ) | |
| | ) | Complaint for violation of Civil Rights and |
| CITY OF CHICAGO POLICE | ) | Supplemental State Claims |
| OFFICERS M. PLATT, STAR NO. 577, | ) | |
| J. GONZALEZ, STAR NO. 20210, J. | ) | |
| CARDO, STAR NO. 21299, T. | ) | **JURY DEMANDED** |
| MCDERMOTT, STAR NO. 21084, J. | ) | |
| FOLINO, STAR NO. 20143, M. | ) | |
| BENIGNO, STAR NO. 20807, F. | ) | |
| SZWEDO, STAR NO. 20813, and THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Thomas Moorer (hereinafter "Plaintiff") as and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned Defendants City of Chicago Police Officers Mary Platt Star No.: 577, J. Gonzalez, Star No. 20210, J. Cardo, Star No. 21299, T. McDermott, Star No. 21084, J. Folino, Star No. 20143, M. Benigno, Star No. 20807, F. Szwedo, Star No. 20813

1

were employed by the City of Chicago Police Department, and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

**THE MURDER**

6. On or about August 28, 2010 shortly after midnight, a murder by a gunshot to the chest occurred at 7023 W. Grand Ave., Chicago, Illinois.

7. The victim's name was Edward Ramos ("Ramos") who was inside his basement level apartment with his brother, Edwin Ramos, and his cousins, Walter Velez, Miguel Velez, and Eliezer Martinez.

8. Approximately three men approached 7023 W. Grand Ave through a gangway to the basement level apartment.

9. At that time, there was a knock on the basement door and Edward Ramos opened the basement apartment door. An armed black male who was wearing a covering on the lower part of his face forced his way into the apartment and a struggle ensued.

10. Eventually, apparently, shots were fired by the initial armed man who entered the apartment and another armed man who was located somewhere outside the door to the apartment.

11. One of the fired shots struck Ramos in the chest, and another shot struck Eliezer Martinez in his right thigh. Ramos died as a result of the shooting.

12. The shooting appeared to be drug related.

**THE INVESTIGATION AND FALSE INDENTIFICATION**

13. On August 28, 2010, shortly after the shooting, the Police Officers, including some of the Defendants interviewed numerous witnesses who were present at the scene.

14. At least three additional witnesses were outside the residence when the shooting occurred.

15. The original Incident Report generated by Defendants lists 4 unknown black male suspects age 20- 30 as the perpetrators; Plaintiff was 39 years old at the time of this incident.

16. At some time on or about August 28, 2010, one or more of the witnesses purportedly told Defendants that a person with the nickname "Boom" did the shooting and indicated that it was likely a drug related shooting.

17. Plaintiff has a tattoo with the name "Boomer" and police documents indicated that Plaintiff has used the name "Boomer."

18. During the morning hours of August 28, witnesses were shown a photo spread that contained Plaintiff's photo.

19. Later that day on August 28, 2010, the Defendants caused Plaintiff to be arrested. He was brought to the police station.

20. At the police station, Defendants and each of them, participated in putting together a staged, misleading, suggestive and coerced physical lineup.

21. The following day, on August 29, 2010 the Defendants staged another suggestive, misleading improper and falsified lineup, for other witnesses.

22. After the lineups, and as a result of the staged, misleading, suggestive, and improper photo and physical lineups the witnesses (to varying degrees of certainty) purportedly told Defendants that Plaintiff was the offender that killed Ramos.

23. There was no forensic evidence discovered that linked Plaintiff to the crime; DNA was tested on 2 weapons recovered at the scene and the cloth masks allegedly worn by the offenders and the DNA did not match, and in fact, excluded Plaintiff. No latent prints were recovered from the alleged murder weapon.

24. Plaintiff was at another location at the time of the murder.

**THE CRIMINAL PROCEEDINGS AND TRIAL**

25. Following August 28, 2010, Plaintiff was charged with many criminal counts, including first degree murder, battery with a firearm, and counts of attempted murder in the first degree.

26. In or about October, 2010, grand jury proceedings were held in which some of the Defendants and witnesses testified. The true nature of the lineups was not revealed and other misleading testimony was given and/or withheld.

27. The trial of this matter lasted five days, the first day being July 24, 2017, and the last day being July 28, 2017.

28. The trial terminated in the Plaintiff's favor, the jury finding him not guilty on all counts.

29. Plaintiff was deprived of his liberty for a substantial length of time, roughly 7 years, as a result of the acts of the Defendants.

30. There was no legal cause to arrest the Plaintiff and/or prosecute him for any crimes arising out of the August 28, 2010 incident described above.

31. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

32. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

33. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKOWN DEFENDANTS AND OTHERS, FOR A CONSPIRACY AND INDIVIDUALLY TO VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS**

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

35. The Defendants Platt, Gonzalez, Cardo, McDermott, Folino, Benigno, and Szwedo acted in a conspiracy and individually to deprive Plaintiff of his due process and liberty rights. In furtherance of an agreement to violate Plaintiff's rights, Defendants engaged in, manufacturing, fabricating and falsifying evidence and testimony as indicated above.

36. By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities, including his right to due process and liberty, secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

37. In engaging in the conduct described above, the Defendants did not disclose exculpatory evidence that Plaintiff had not committed the crimes indicated above. They also misled witnesses, conducted unduly suggestive photographic and physical lineups, manufactured and fabricated evidence, and coerced and/or gave falsified testimony. All of this evidence was material evidence favorable to the Plaintiff, and/or prejudicial evidence in that it caused Plaintiff to remain incarcerated until his trial and the finding of not guilty.

38. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS, FOR THE CIVIL RIGHTS CLAIM OF MALICIOUS PROSECUTION

39. Plaintiff incorporates and realleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

40. Defendants Platt, Gonzalez, Cardo, McDermott, Folino, Benigno, Szwedo and other unknown defendants or other police officer(s) caused a criminal prosecution to commence and/or continue against Plaintiff.

41. The persons named in the previous paragraph, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of these

proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

42. Each and every individual Defendant, initiated, facilitated, and/or continued this malicious prosecution by the creation of manufactured and fabricated evidence, including by writing false police reports, preparing and signing false criminal complaints, conducting unduly prejudicial, misleading, suggestive and coercive physical and photo lineups, giving false testimony and/ or otherwise wrongfully misrepresenting and/or withholding evidence

43. The criminal proceedings were terminated in the plaintiff's favor on or about July 28, 2017.

44. As a result of the acts of the Defendants and each of them, Plaintiff was deprived of his liberty for a substantial length of time, and suffered other general and special damages.

45. Therefore, the above named defendants are liable under the 42 U.S.C. § 1983 for Malicious Prosecution.

## COUNT III
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS, AND THE CITY OF CHICAGO FOR THE SUPPLEMENTAL CLAIM OF FALSE IMPRISONMENT

46. Plaintiff incorporates and realleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

47. Defendants and each of them, and other unknown defendants caused an arrest without probable cause and a criminal prosecution which was commenced and/or continued against Plaintiff.

48. The Defendants, police officers employed by the CITY OF CHICAGO, without legal cause arrested and maliciously commenced and caused to be continued a criminal action against Plaintiff.

7

49. As a result of the foregoing Plaintiff was falsely imprisoned for roughly 7 years.

50. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

51. The individual defendants, and each of them, initiated, facilitated, and/or continued this false arrest, malicious prosecution and false imprisonment by the creation of manufactured and fabricated evidence, including by writing false police reports, preparing and signing false criminal complaints, misled witnesses through suggestive lineups and manufactured and fabricated evidence and falsified other evidence at the grand jury and during the litigation of the underlying criminal case.

52. The criminal proceedings were terminated in the plaintiff's favor on or about July 28, 2017.

53. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

54. As a result of the acts of the Defendants and each of them, Plaintiff was deprived of his liberty for a substantial length of time.

55. Therefore, the above-named defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of False Imprisonment.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That Defendants and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That each of the individual Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com