UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS MOORER,<br><br>               Plaintiff,<br><br>   v.<br><br>CHICAGO POLICE OFFICER M. PLATT, et al.,<br><br>               Defendants. | No. 18 CV 3796<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss [71] is granted in part, denied in part. Count 1 is dismissed with prejudice, but the remaining counts are not dismissed. A status hearing is set for March 6, 2020 at 9:30 a.m.

## STATEMENT

A jury acquitted plaintiff Thomas Moorer of murder charges after he spent about seven years in pretrial detention. The first amended complaint brings due-process and wrongful-detention claims under 42 U.S.C. § 1983 (Counts 1 and 2), and supplemental state-law claims for false imprisonment and spoliation of evidence (Counts 3 and 4). [63].* The defendants, the Chicago police officers involved in the investigation and arrest, move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

A complaint must allege facts that state a plausible claim for relief. *Warciak v. Subway Restaurants, Inc.*, No. 19-1577, 2020 WL 559105, at *1 (7th Cir. Feb. 5, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). I assume the facts alleged in the complaint are true and draw reasonable inferences in favor of the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

---

* Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings. The first amended complaint is the operative complaint in this case, but there is another complaint in Case Number 19 CV 5058 (N.D. Ill.) that brings the same § 1983 claims against additional defendants. The two cases have been consolidated for all purposes.

Someone murdered Edward Ramos. [63] ¶¶ 7–11. The killer (or killers) entered Ramos's apartment and shot Ramos and another man. *Id.* Witnesses provided different descriptions of the perpetrators to police officers. *Id.* ¶ 15. In a General Progress Report, the police reported that the victim's brother said that the shooter had the nickname "Boom." *Id.* ¶ 16. The police reports go on to say that officers examined the victim's cell phone and found a number associated with Boom. *Id.* ¶ 18. The officers identified Thomas Moorer as a suspect based on this information (although Boom's phone number in the cell phone was not Moorer's, and Moorer used the nickname Boomer). *Id.* ¶¶ 19, 25. The officers used Moorer's photo in photo arrays and witnesses picked him out of the array. *Id.* ¶¶ 20, 26.

Defendant McDermott had the victim's cell phone at some point, but it was never inventoried and is now missing. *Id.* ¶¶ 21–22. A General Progress Report of one of the witnesses is also missing. *Id.* ¶ 23. The existing reports indicate that the search of the cell phone happened at 1:30 a.m. and Moorer's photo was inserted into photo arrays at 1:35 a.m., yet also indicate that the phone was not found before 1:40 a.m. *Id.* ¶¶ 20–21.

Moorer was arrested and put in physical line-ups, and witnesses identified him as the killer. *Id.* ¶¶ 27, 29–30. By the time Moorer was arrested, the defendants knew that his nickname was not Boom and that he did not have a phone number matching the number in the victim's phone. *Id.* ¶ 28. There was no forensic evidence incriminating Moorer, and the defendants knew he had an alibi. *Id.* ¶¶ 32–33. He was held in pretrial detention for nearly seven years, until his acquittal at trial. *Id.* ¶ 37–38.

*Count 1: Due Process*

Count 1 alleges that defendants violated Moorer's right to due process by (1) failing to turn over exculpatory evidence such as the victim's cell phone and a General Progress Report, and (2) fabricating evidence through misleading and suggestive photo arrays and physical line-ups. The complaint includes allegations that unspecified exculpatory evidence was withheld, and unspecified evidence was manufactured, fabricated, or coerced. *Id.* ¶ 47.

Moorer was never convicted; his detention was entirely pretrial. "[T]he Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention." *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019). The defendants' fabrication and concealment of evidence did not violate § 1983 via the due-process clause, because the process guaranteed by the Constitution did not fail here—Moorer was acquitted. It took seven years and Moorer was seized throughout that time, but that was not a due-process violation. Before *Manuel v. City*

2

of Joliet, 137 S.Ct. 911 (2017) (*Manuel I*), and *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) (*Manuel II*), the court of appeals suggested that pretrial detention can be a deprivation of liberty cognizable under the due-process clause. *See e.g.*, *Cairel v. Alderden*, 821 F.3d 823, 833 (7th Cir. 2016) (a failure to disclose exculpatory evidence during pretrial detention may cause a deprivation of liberty even if the case ends without a conviction). But after *Manuel II* and *Lewis*, there is no overlapping constitutional protection—the Fourth Amendment is the only safeguard against wrongful pretrial detention. *Lewis*, 914 F.3d at 478–79 (a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment) (overruling *Hurt v. Wise*, 880 F.3d 831 (7th Cir 2018).

*Anderson v. City of Rockford* is not inconsistent with this proposition. In *Anderson*, the state had successfully prosecuted the plaintiffs before post-conviction relief granted them a new trial at which they were acquitted. *Anderson*, 932 F.3d 494 500, 502–03 (7th Cir. 2019). The process guaranteed by *Brady v. Maryland*, 373 U.S. 83, 87 (1963), is about assuring that the accused receive "a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Anderson*, 932 F.3d at 505 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Unlike the plaintiffs in *Anderson*, Moorer has no claim that his trial verdict was unworthy of confidence. He must look to the Fourth Amendment for a constitutional violation that caused his detention.

Count 1 is dismissed with prejudice. Amendment would be futile because a due-process claim is not plausible.

*Count 2: Fourth Amendment Wrongful Detention*

If probable cause existed to suspect Moorer of murder, then his pretrial detention did not violate the Fourth Amendment. *See Manuel I*, 137 S.Ct. at 918 (The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause); *Anderson*, 932 F.3d at 512–13 (Fourth Amendment claim hinges upon showing the absence of probable cause to support plaintiffs' arrests and confinement). In addition to the absence of probable cause, Moorer must also allege that defendants knew they lacked probable cause to arrest him. *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019). Defendants argue that the complaint pleads the existence of probable cause, because it alleges that eyewitnesses identified Moorer as the shooter. "Probable cause can be based on a single identification from a credible eyewitness." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015).

Although the complaint does not come right out and say it, Moorer's theory is that the defendants knew the eyewitness identifications were false or unreliable and therefore the identifications did not provide probable cause to believe Moorer was the killer. This is a reasonable inference from the allegations. The complaint alleges that the identification procedures were improper and suggestive, the officers knew of

Moorer's alibi, they knew his nickname was not Boom, they knew he did not have a matching phone number, and they reported conducting photo arrays at a time when they could not have yet identified Moorer as a suspect.

The complaint adequately pleads defendants' knowledge and the absence of a reliable identification. This is enough to get past the pleading stage for a Fourth Amendment claim. Moorer will have to prove that every defendant was personally involved in the wrongful pretrial detention, it was unreasonable to credit the eyewitness identifications, and nothing broke the chain of proximate causation from a defendant's conduct to Moorer's damages. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation); *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1548 (2017) (plaintiffs can recover damages that are proximately caused by any Fourth Amendment violation). But these are issues for another day.

Count 2 is not dismissed, and since defendants argue for dismissal of the state-law claims only if all federal claim are dismissed, those counts are not dismissed either.

ENTER:

Date: February 19, 2020

Manish S. Shah
U.S. District Judge