IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS MOORER, | ) |
| | ) |
|   Plaintiff, | )   CASE NO.: 18 CV 3796 |
| | ) |
|     v. | ) |
| | ) |
| CITY OF CHICAGO POLICE OFFICERS J. GONZALEZ, STAR NO. 20210, J. CARDO, STAR NO. 21299, T. MCDERMOTT, STAR NO. 21084, J. FOLINO, STAR NO. 20143, M. BENIGNO, STAR NO. 20807, F. SZWEDO, STAR NO. 20813, J. VALKNER, STAR NO. 20111, T. FANNING, STAR NO. 20641, E. LEAL, STAR NO. 20068, N. SPANOS, STAR NO. 21020, B. TEDESCHI, STAR NO. 20243, S. BECKER, and THE CITY OF CHICAGO, | ) ) )   Hon. Manish S. Shah ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
|   Defendants. | ) |

## JOINT STATUS REPORT

The Parties hereto file the following status report regarding discovery.

### I.    DISCOVERY PROCEEDINGS

Since the filing of the last Joint Status Report, discovery has progressed as follows:

1. The parties have completed the supplemental deposition of Defendant McDermott.

2. Plaintiff has finally located and served with deposition subpoenas the final two eyewitnesses to the underlying crime. These depositions have been noticed for July 13, 2020.

3. Defendants have supplemented their discovery production regarding which CPD personnel first obtained Plaintiff's mug shot that was used in the early morning hours

for photo array lineups done on August 28, 2010. However, all the records produced thus far indicate that Plaintiff's mugshot was not accessed by anyone until approximately three (3) hours after Defendants claim witnesses viewed Plaintiff's mugshot and identified him as the shooter. Accordingly, Plaintiff has requested that Defendants agree to produce a relevant 30(b)(6) witnesses, or agree to a stipulation or requests for admissions that reduce this discrepancy into an admissible form that quickly summarizes this evidence. This is in accordance with what the parties discussed with the Court during a hearing on March 6, 2020. During that hearing the Court recognized the importance of this evidence to Plalintiff, and indicated the Court was inclined to allow a Rule 30(b)(6) deposition if after consultation the parties could not agree upon the adequacy of a declaration or stipulation.

Defendants maintain the request for a Rule 30(b)(6) witness unduly expands the limited scope of the post-deadline discovery that the Court permitted and that the request for a stipulation is premature: it is more properly addressed in connection with the final pretrial order.

4. On June 29, 2020, Defense counsel informed Plaintiff's counsel for the first time that they are "running two additional searches and don't want to stipulate at this time." Yet, this information was originally requested in Plaintiff's requests for production served in November, 2018. Moreover, Plaintiff has repeatedly raised this issue with Defendants verbally and in writing. Defendants were aware of this issue for several months prior to the onset of the recent pandemic and had supposedly been searching for the related documents. Plaintiff objects to more delay caused by additional searches since this prejudices Plaintiff's ability to conduct follow-up discovery. This

is especially true since no witness testified to any memory or knowledge of how the photo arrays supposedly leading to the identification of Plaintiff were put together.

   a. Defendants note that, on June 12, 2019, this Court entered an order extending the fact discovery deadline to August 30, 2019. The Court's order stated that the deadline was extended "solely for the purpose of completing oral discovery. *No new written discovery may be issued.*" (ECF No. 53.)

   b. On August 7, 2019, plaintiff, for the very first time, and in violation of the Court's June 12th order, issued a notice of Rule 30(b)(6) deposition to the City, which included 15 requests to produce documents relating to the photo array.

   c. In response, Defendants filed a motion for a protective order on August 20, 2019, seeking to limit discovery and quash the 30(b)(6) notice of deposition. (ECF No. 75.) On September 24, 2019, Plaintiff filed a response to Defendants' motion for a protective order in which he agreed to "forego the Rule 30(b)(6) deposition" in exchange for Defendants agreement to locate documents relating to the photo array. (ECF No. 79.) Although written discovery had been closed and the court extended discovery for the limited purposes of taking depositions, Defendants nonetheless agreed to produce documents related to the photo array.

   d. On October 29, 2019, this Court entered an order stating that Defendants' motion for a protective order was "terminated as moot." (ECF No. 84.) The court also consolidated *Moorer I* with *Moorer II* and reopened discovery for the limited purposes of taking three remaining depositions. (*Id.*)

3

e. Defendants produced documents to plaintiff on December 9, 2019, March 4, 2020, and June 16, 2020. Because the search criteria proposed by Plaintiff did not yield the results he was looking for, Defendants have expanded the search criteria and are running additional searches to find out who assembled the photo array and the time it was assembled.

f. Defendants also contend that they retain an ongoing duty to supplement discovery and should (and will) do so as appropriate. In addition, where Plaintiff is seeking a stipulation that no records exist, Defendants' position is that they should ensure they have in fact exhausted all possible means to determine whether or not the documents exist. Any prejudice Plaintiff claims he is suffering is caused in part due to the fact that Plaintiff brought this issue up on August 7, 2019, two months *after* this Court ordered that no new written discovery may be issued. Indeed, plaintiff's motions before the court never cited the need to obtain documents relating to the photo array but was instead focused on "knowing the role of persons" involved in the murder investigation and the "missing" cell phone. (See, *e.g.*, ECF Nos. 54, 56.)


s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
300 W Adams St, Ste 330
Chicago, IL 60606
(312) 345-8877
efox@efoxlaw.com
*Attorney for Plaintiff*

/s/ Jordan F. Yurchich

City of Chicago Department of Law
30 N. LaSalle St. Ste 900
Chicago, Il.  60602
(312) 744-1625
Jordan.yurchich2@cityofchicago.org
*One of the attorneys for the City of Chicago and Defendant Officers*


s/Eric Palles

Daley Mohan Groble PC
55 W Monroe, Ste 1600
Chicago, IL 60603
(312) 422-9999
epalles@daleymohan.com
*Attorney for T. McDermott*